**FILED**

MAY 1 6 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JEFFREY LEE WHITLOW, JR.,

        Plaintiff,

v.

ERIK P. CHRISTIAN, *et al.*,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)

Civil Action No. **12 0785**

### MEMORANDUM OPINION

    This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The Court will grant the application and dismiss the complaint.

    It appears that plaintiff has served or continues to serve a prison sentence imposed by the Superior Court of the District of Columbia. He asks this Court "to correct, or set aside the judgment and sentence handed down" by the Superior Court. Compl. at 3. Plaintiff also demands the "immediate release of all property that belongs to him in case numbers # F-927-02, 12-CO-74, 09-CO-1145, which derived from the judgment in a criminal case PDID NO. 479-676." *Id.* at 1-2 (emphasis removed).

    Plaintiff asks this Court to review and to alter a Superior Court judgment. This Court has no such jurisdiction. *See, e.g., Mooreman v. U.S. Bank, N.A.*, No. 10-1219, 2010 WL 2884661, at *1 (D.D.C. July 10, 2010) ("This court does not have jurisdiction to review of orders issued by the Superior Court of the District of Columbia, and, in the interests of comity, will not intervene in a case pending before the Superior Court."); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (dismissing for lack of subject matter jurisdiction a case which was

"nothing more than another attempt by plaintiff and his lawyers to collaterally attack in federal court an adverse state libel judgment"), *aff'd*, 1994 WL 474995 (D.C. Cir. 1994), *cert. denied*, 513 U.S. 1150 (1995).

To the extent that plaintiff attempts to bring a civil rights action and to demand monetary damages as compensation for his incarceration, the claim must fail. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . .

*Id.* at 486-87 (footnote omitted); *accord White v. Bowie*, 194 F.3d 175 (D.C. Cir. 1999) (table). Plaintiff does not show that his confinement has been invalidated, and his "claim for damages bearing [a] relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." *Id.* at 487 (emphasis in original).

The Court will dismiss the complaint. An Order accompanies this Memorandum Opinion.

DATE: April 30, 2012

_____
United States District Judge